# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HORTON HOWARD ENSLEY, JR., | ) | 3:15-cv-00585-RCJ-WGC |
| Plaintiffs, | ) | **MINUTES OF THE COURT** |
| vs. | ) | December 23, 2015 |
| HUMBOLDT GENERAL HOSPITAL, et al., | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN    REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's document entitled, "Appeal + Motion" (ECF No. 5). Plaintiff's "motion" was filed after Plaintiff's receipt of this court's order (ECF No. 4) which directed Plaintiff to pay the balance of his filing fee, which Plaintiff has now paid. (ECF No. 6.) This court's order also directed Plaintiff to submit proposed Summonses for the Defendants, which the court would issue and return to Plaintiff for service upon the defendants. (ECF No. 4.)

Plaintiff's motion inquires of the court why the court did not issue the summons and have them delivered to the defendants by the U.S. Marshal as he claims is required under the Seaman's Act, 28 U.S.C. § 1916. However, other than the vague incorporation of "Bivins Action § 28 U.S.C. 1916 Seamans Act" in the title of Plaintiff's civil rights complaint, the complaint does not appear to pertain to an action which "seaman may institute and prosecute in their own name and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." 28 U.S.C. § 1996.

Therefore, Plaintiff is not entitled to have the government bear the costs of service of his civil rights complaint. The component of Plaintiff's motion (ECF No. 5) which seeks the court to order the U.S. Marshal to serve his summons and complaint is **DENIED.**

///

MINUTES OF THE COURT
3:15-cv-00585-RCJ-WGC
Date:  December 23, 2015
Page 2

      Plaintiff's motion also inquired into the status of his "Emergency Plea." (ECF No. 2.) The court has reviewed Plaintiff's motion and it appears to be a motion for a temporary restraining order regarding the possible destruction of the Winnemucca Hotel.  When Plaintiff serves his summons and complaint on the defendants, he should include service of ECF No. 2 with his documents for service so that the defendants can respond.

      **IT IS SO ORDERED.**

      LANCE S. WILSON, CLERK


By: _____/s/_____
      Deputy Clerk