# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HORTON HOWARD ENSLEY, JR., | ) | 3:15-cv-00585-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re:  ECF No. 12 |
| HUMBOLDT COUNTY HOSPITAL DISTRICT, dba HUMBOLDT GENERAL HOSPITAL, | ) ) ) | |
| Defendants. | ) | |

Before the court is Defendant Humboldt County Hospital District's Motion to Quash Service of Process. (ECF No. 12.)[1]

Defendant Humboldt County Hospital District, dba Humboldt General Hospital (HGH), objects to and seeks to quash Plaintiff's attempts to serve HGH by mail. (ECF No. 12; ECF No 11-1 at 2 and 9.) HGH contends that service on a corporation can only be effected in accordance with Fed. R. Civ. P. 4(h)(1). Rule 4(h)(1) provides that service on a business association (corporation, partnership, etc.) must be accomplished

    (1)    in the same manner as service upon an individual in Rule 4(e)(1); or

    (2)    by serving upon the business association's general agent, accompanied also with a mailing of the process to the defendant.

Defendant notes Rule 4(e)(1) also allows service to be effected under the terms and provisions of state law where the district is located. In that respect, HGH points to the Nevada rule on corporate

---

[1] Refers to court's Electronic Case Filing number.

1  service which is found in Nev. R. Civ. P. 4(d)(1), which rule requires a plaintiff to either personally
2  serve an agent or officer of the corporation or to effect service via the offices of the Nevada Secretary
3  of State.  Defendant therefore argues that "neither the Federal Rules of Civil Procedure, nor the Nevada
4  Rules of Civil Procedure permit service of process by certified mail when serving an entity such as
5  HGH." (ECF No. 12 at 2.)

6        Although, as discussed *infra*, the court will grant Defendant's motion, the court notes that the
7  Federal Rules do indeed provide a mechanism for effecting service solely by mail.  Rule 4(d) recognizes
8  the principle that an individual, corporation or other defendant who or which is subject to service under
9  Rules 4(e), (f) or (h) "has a duty to avoid unnecessary expenses of serving the summons." To minimize
10 the expense of litigation, Rule 4(d) allows a plaintiff to notify a defendant by mail that an action has been
11 commenced and request that defendant waive formal or traditional service of a summons.  Rule 4(d)(1).

12       Subparts (A) - (G) of the Rule set forth certain formalities which must accompany the Rule 4(d)
13 notice and request. A party served by mail under Rule 4(d) is not obligated to accept service in that
14 fashion. The consequence in failing to do so, however, is that if traditional service is effected, and if the
15 District Court finds the Defendant, without good cause, failed to sign and return the waiver, the District
16 Court is empowered to award Plaintiff the costs of formal service and reasonable attorneys fees to collect
17 those service expenses. Rule 4(d)(2). A defendant's obligation to reimburse these costs is not dependent
18 on who eventually becomes the prevailing party in the litigation. *Estate of Darulis v. Garate*, 401 F.3d
19 1060, 1063-64 (9th Cir. 2005).  In other words, a defendant who avoids (proper) service under Rule 4(d)
20 does so at its peril.

21       In this instance, however, it does not appear the Plaintiff complied with the formalities of
22 Rule 4(d). (See ECF No. 11-1 at pp. 2 and 9.) Thus, the service by mail protocols of Rule 4(d) are not
23 activated. If Plaintiff had complied with the terms and provisions of Rule 4(d), it would have been
24 become incumbent upon Defendant to elect whether to accept service in that fashion. But because, as
25 best as the court can ascertain, Plaintiff did not satisfy the requirements of Rule 4(d), then service cannot
26 ///
27 ///
28 ///

be evaluated under that provision. Accordingly, the court must look to Rule 4(h)(1) to ascertain whether Plaintiff has validly effected service upon HGH by simply mailing the summons and complaint to HGH. The court concludes Plaintiff did not and, therefore, Defendant's motion to quash service of process (ECF NO. 12) is **GRANTED.**

**IT IS SO ORDERED.**

DATED: February 4, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE