**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HORTON ENSLEY, | |
| Plaintiff, | |
| vs. | 3:15-cv-00585-RCJ-WGC |
| HUMBOLDT GENERAL HOSPITAL et al., | **ORDER** |
| Defendants. | |

This case involves various allegations of civil rights violations. Pending before the Court is a Motion to Dismiss (ECF No. 14). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Horton Ensley alleges that while suffering from an illness an ambulance took him to the Humboldt General Hospital where medical staff gave him minor treatment and sent him home in a taxi cab without further treatment. (Compl., 4–5, ECF No. 1). In another claim, Plaintiff alleges that Defendant Steve West, City Manager, allowed a private contractor to destroy his property and historical sites. (*Id.* at 6). Plaintiff also alleges that Defendant ATT Yahoo UVerse forced him to change from DSL service to UVerse, which caused him to lose access to his e-mail and destroyed his website and consulting business. (*Id.* at 7). He alleges his website was stolen to give access to high-tech weapons systems to foreign governments. (*Id.*).

1

Plaintiff makes the following claims: (1) refusal to provide medical assistance and attempted murder; (2) violation of the Fourteenth Amendment; and (3) refusal to enforce or investigate. Defendant Michael McDonald, Humboldt County District Attorney, moves the Court to dismiss the case as to him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.     LEGAL STANDARDS

A federal court must dismiss a case if it lacks jurisdiction over the subject matter thereof. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Subject-matter jurisdiction arises in federal court if the plaintiff has asserted a cause of action under federal law. 28 U.S.C. § 1331. Alternatively, subject-matter jurisdiction is present if the plaintiff demonstrates that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Yet *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). And where the litigant fails to follow rules of procedure, the case may be properly dismissed. *Id.*

### III.     ANALYSIS

Defendant Michael McDonald moves the Court to dismiss the case as to him for lack of subject-matter jurisdiction and failure to state a claim. Plaintiff makes the following claim against McDonald: "Stone walle[d] sheriffs dept report on attempted murder of plaintiff & aided in unlawful se[i]zure of ward, for profit." (Compl., ¶ 5, at 2). The Complaint makes no other mention of McDonald.

"Victims have never had standing to appear as parties in criminal cases." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 923, n.6 (9th Cir. 2001) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Thus, Plaintiff does not have standing to assert a claim of attempted murder, and even if he did, his allegation against McDonald appears to address the reporting of the alleged crime rather than the alleged crime itself. Plaintiff offers no other facts to support his allegation against McDonald. Thus, the Court must dismiss Plaintiff's attempted

1  murder claim under Rule 12(b)(6) as against McDonald, but it must also dismiss the claim
2  entirely for lack of standing, with prejudice. In addition, none of Plaintiff's other allegations or
3  claims address "unlawful seizure of ward, for profit." (Compl., ¶ 5, at 2). Without any supporting
4  facts or allegations, any claim of unlawful seizure of ward fails the standard under Rule 12(b)(6)
5  and is dismissed. The motion is granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED.

IT IS SO ORDERED.

DATED: This 10th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge